**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICE THOMPSON, | No. 10-56716 |
| Petitioner-Appellant, | D.C. No. 2:09-cv-00818-GHK-DTB |
| v. | |
| DERRAL ADAMS, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted July 7, 2014
Pasadena, California

Before: NOONAN and BERZON, Circuit Judges, and SABRAW,** District Judge.

California state prisoner Maurice Thompson appeals from the district court's

judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Dana M. Sabraw, United States District Court for the Southern District of California, sitting by designation.

28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *see Emery v. Clark*, 643 F.3d 1210, 1214 (9th Cir. 2011), and we affirm.[1]

Thompson contends that the state court's denial of his claim as to insufficiency of the evidence to support the gang enhancement is contrary to, or an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979). Thompson argues there was insufficient evidence to establish that the crimes he was found to have committed were gang related, and that the two unidentified perpetrators he was found to have assisted were gang members. We disagree.

The jury heard evidence that Thompson was a dedicated gang member and that the crimes at issue in this case were committed in the gang's territory. An expert witness on gangs opined that the gang made money from robbery and selling stolen merchandise, among other things; that the gang committed acts of violence to maintain control of the area and instill fear; that an "interloper" would not be involved in the crimes as a non-gang member would not be permitted to "set up shop" in the gang's territory; that the location of some of the crimes at issue occurred in an underground garage controlled by the gang; and that the crimes committed by Thompson and the unidentified perpetrators – robbery, kidnapping,

---

[1] Thompson also moves the Court to take judicial notice of its decision in *United States v. Harris*, 56 F.3d 74 (9th Cir. 1995). The Court denies that motion as the requirements of Federal Rule of Evidence 201 are not met, and the evidence is otherwise irrelevant.

and attempted, premeditated murder, among others – were consistent with promoting the gang's goals of making money, eliminating a witness, creating terror, and enhancing the gang and its members' reputations in the community. Another police officer also testified that several months before the crimes at issue, he found Thompson, armed with a handgun and with other gang members, in an underground parking lot on the same street where the crimes at issue here occurred, providing further evidence that Petitioner was with gang members and had the motive and intent to assist them in committing the crimes on the date of incident.

Viewing this evidence in the light most favorable to the prosecution, a reasonable fact finder could have made a true finding on the gang enhancement. *See Emery*, 643 F.3d at 1214-16. Accordingly, Thompson has failed to show the state court's decision was contrary to, or an unreasonable application of, clearly established federal law.

**AFFIRMED.**